# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JOHNNY WATTS,

        Petitioner,

v.                                                         Case No. 09-CV-652

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

On November 22, 2005, this court sentenced petitioner Johnny Watts ("Watts") to a term of 86 months after a jury found Watts guilty of one count of conspiracy to commit fraud in violation of 18 U.S.C. § 371, and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Watts then appealed his conviction to the Seventh Circuit Court of Appeals. *United States v. Watts*, 535 F.3d 650 (7th Cir. 2008). The Court of Appeals rejected Watts' contentions that the district court erred by admitting prior bad acts evidence and miscalculating Watts' sentence. *Id.* at 6590-60. As a consequence, the Seventh Circuit affirmed Watts' conviction on July 25, 2008. *Id.* Watts did not file a petition for certiorari in the United States Supreme Court. On June 24, 2009, Watts filed the present motion to vacate, set aside, or correct the sentence he is serving, pursuant to 28 U.S.C. § 2255.

Rule 4 of the Rules Governing § 2255 proceedings requires the court to screen a prisoner's petition to determine whether he states a claim upon which § 2255 relief can be granted. The rule, in relevant part, reads:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading...

Rule 4, Rules Governing § 2255 Proceedings. As such, the court will conduct an initial screening of Watts' motion.

First, this court must verify that the petitioner filed his motion within the time period allowed by the habeas statute. Section 2255 imposes a one-year limitation for the filing of a motion to vacate, set aside, or correct a sentence. The limitation period starts to run from the date on which the judgment of conviction becomes final. Here, Watts' conviction became final on July 25, 2008, the date on which the Seventh Circuit affirmed his conviction. This circuit uses the anniversary method for calculating filings. *See United States v. Marcello,* 212 F.3d 1005, 1009 (7th Cir. 2000). As a result, Watts had until July 25, 2009, to file his petition. As Watts filed his petition a month earlier on June 24, 2009, the court finds that Watts' petition was filed within § 2255's statute of limitations.

Next, the court must verify that the petitioner's claims are not procedurally defaulted. Relief under § 2255 is appropriate if a petitioner can show that there are

errors in his conviction or sentence that are "jurisdictional, constitutional, or constitute a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States,* 940 F.2d 215, 217 (7th Cir. 1991). If a petitioner does not raise a constitutional argument on direct appeal, the petitioner cannot present the issue on collateral review absent a "showing of cause 'for failure to advance the argument sooner and some showing of actual prejudice resulting from the alleged constitutional violation.'" *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quoting *Wainwright v. Sykes,* 433 U.S. 72, 84 (1977)). Moreover, a § 2255 petitioner may not raise non-constitutional issues that could have been, but were not raised on direct appeal. *See Belford v. United States,* 975 F.2d 310, 313 (7th Cir. 1992). Furthermore, a court cannot reconsider issues that were raised on direct appeal in a § 2255 motion absent changed circumstances because a § 2255 motion should not become a "recapitulation of" or a "substitute for" a direct appeal. *McCleese v. United States,* 75 F.3d 1174, 1177 (7th Cir. 1994); *see also Vanela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007).

Watts raises several grounds for relief. First, he argues that the district court, by allegedly sentencing the defendant to time in prison based on facts not entertained by the grand jury, violated Watts' Sixth Amendment right to trial by jury. As Watts never raised the Sixth Amendment issue on appeal, he must establish "cause" and "prejudice" for not advancing the constitutional argument to the appellate court. *Belford,* 975 F.2d at 313. Here, Watts fails to meet this burden.

-3-

The petitioner certainly knew by the time of appeal about the supposed deficiencies in his sentencing and yet, elected, for reasons unknown to this court, to not raise the issue on appeal. Consequently, Watts procedurally defaulted on the first claim he raised in his petition.

Second, Watts contends that the district court failed to make specific findings on the record to objections raised by the petitioner during trial as required by the Fed. R. Crim. P.32(C)(1). Watts never raised the Rule 32(C)(1) issue on appeal, nor does he explain the reasons for that choice to the court. As such, Watts defaulted on the Rule 32(C)(1) claim, as well.

Third, Watts argues that the district court denied the petitioner's due process rights by forfeiting Watts' interest in real property to the government "pursuant to an inapplicable statute." (Pet'r's Br. 17). Watts did not raise an argument regarding criminal forfeiture on appeal. The order for forfeiture of Watts' property occurred in September of 2005, and Watts did not indicate why he failed to raise the issue on appeal. Accordingly, Watts has also procedurally defaulted as to the criminal forfeiture issue.

Finally, Watts claims that he was denied the right of effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. Specifically, Watts contends that his attorney conspired to hide the identity of Watts' wife to the court, failed to request a change of venue, and erred by failing to argue that the petitioner's crime was a "receipt and deposit" case, which could have

resulted in a lower sentence. While Watts did not raise the ineffective assistance of counsel issue on direct appeal, and while generally a petitioner must raise all issues on appeal to avoid procedural default, an ineffective assistance of counsel claim may be brought in a § 2255 petition regardless of whether the claim was raised on appeal. *Masarro v. United States,* 538 U.S. 500, 504 (2003). Additionally, ineffective assistance of counsel is a cognizable claim under § 2255. *Guinan v. United States*, 6 F.3d 468, 472 (7th Cir. 1993).

As a result, Watts' ineffective assistance of counsel claims survive the Rule 4 screening. However, before a ruling on the merits of the claims can occur, this court requires responses from the government and Watts' trial counsel, Allan Krezminski, as to the ineffective assistance of counsel claims set forth in Watts' initial and supplemental memorandums in support of his petition.

Accordingly,

**IT IS ORDERED** that grounds one through three of Watts' initial memorandum in support of his petition be and the same are hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that **within 45 days** of this order, the government shall file a response to Watts' petition, specifically addressing the merits of his petition at ground four of his initial memorandum in support of his petition and ground one of his supplemental memorandum in support of his petition;

**IT IS FURTHER ORDERED** that **within 45 days** of this order, Attorney Allan Krezminski is to file an affidavit with the court specifically detailing any information

he has in regards to the claims Watts has set forth in ground four of his initial memorandum in support of his petition and in ground one of his supplemental memorandum in support of his petition;

**IT IS FURTHER ORDERED** that **within 30 days** of the filing of the government's response, Watts shall file any replies.

Dated at Milwaukee, Wisconsin, this 17th day of September, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge